IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JARMIE DAVID M.,

Plaintiff,

v.

Civil Action No.
5:18-CV-85 (DEP)

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

---

APPEARANCES: | OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP
300 S. State Street
Suite 420
Syracuse, New York 13202

HOWARD D. OLINSKY, ESQ.
EDWARD A. WICKLUND, ESQ.

FOR DEFENDANT

HON. GRANT C. JAQUITH
United States Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

KATHRYN S. POLLACK, ESQ.
Special Assistant U.S. Attorney

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on March 21, 2019, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated: March 25, 2019
Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------x
JARMIE DAVID M.,

Plaintiff,

vs. 5:18-CV-85

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

Defendant.
--------------------------------------------x

Transcript of a **Decision** held during a Telephone Conference on March 21, 2019, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

For Plaintiff: OLINSKY LAW GROUP
Attorneys at Law
300 S. State Street, Suite 420
Syracuse, New York 13202
BY: EDWARD A. WICKLUND, ESQ.

For Defendant: SOCIAL SECURITY ADMINISTRATION
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
BY: KATHRYN S. POLLACK, ESQ.

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8547*

THE COURT: This is an action brought by the plaintiff pursuant to 42 United States Code Sections 405(g) and 1383(c)(3) to challenge a determination by the Acting Commissioner finding that the defendant -- I'm sorry, the plaintiff was not disabled at the relevant times and therefore ineligible for the benefits sought.

The background is as follows: Plaintiff is, was born in May of 1975 and is currently 43, approaching 44 years of age; he was 41 years old at the time of the hearing, and 32 at the time of his alleged disability onset, which is said to be March 10, 2008. He stands somewhere between 5-foot-1 and 5-foot-7, the evidence is conflicting regarding his height. He weighs approximately between 130 and 137 pounds. Plaintiff has no high school degree. The evidence is equivocal concerning how far he went in school. At page 216 there's indication that he only went through fifth grade; at 363 and 529, he states eighth grade. He was in special education classes while in school. He reports having a fifth grade reading ability and a third grade math ability. Plaintiff has no driver's license. He lives with his mother and brother in a two-story house in Homer, New York. Plaintiff is not working and has no significant past work. He worked as a janitor from January through May of 2006, that's at 207 and 216 of the administrative transcript. He stopped working when his grandmother got sick and he had to

take care of her, that's at 215.

Medically, plaintiff suffers from both physical and mental limitations. He suffered a severe leg trauma in either 2007 or 2008, when he was struck by a vehicle while riding his bicycle. He's had two surgeries to repair the damage. The most recent was in October of 2014 when he underwent a superficial peroneal neurological fascial hernia and hardware removal. He suffers from asthma and COPD, he uses a puffer, and reports that weather and activity exacerbate his breathing conditions. It was noted in the records that plaintiff has never -- has not undergone physical therapy despite recommendations. He's had no emergency room or hospitalization, undergone no injections, and does not use a cane or other ambulatory assistance. He has been primarily on gabapentin although he has also been prescribed Prednisone, Daliresp, Spiriva, Advair, and Ventolin, those for his breathing issues.

Mentally, plaintiff suffers from some limitations and reportedly is in the borderline area cognitively according to Dr. Noia, 365, and Dr. Shapiro at 431, but has had no mental health treatment, that's at 50 and 363. He treats for his breathing conditions with Dr. El Bayadi, S-h-e-r-i-f is the first name, and Nurse Practitioner Darcy DeFruscio. There has been FEV1 testing over time. February 2014, the result was 1.49 or 37 percent breathing

capacity; July 25, 2014, 1.75 or 44 percent; January 20, 2015, 1.69 or 43 percent; July 31, 2015, 1.62 or 41 percent; February 2, 2016, 1.69 or 48 percent.

The plaintiff drinks alcohol and apparently in considerable quantities from time to time, reporting at one point consuming a six-pack per day, that's at 298 of the administrative transcript.

Plaintiff has taken different positions regarding smoking. At one point it was reported that he smokes one pack per day, that's at 370 and 464. During the hearing he states that he was down to one half pack per day at 47. He has been advised by his health care providers to stop smoking.

Plaintiff has also had, taken different positions regarding marijuana. At the hearing he denied smoking marijuana since childhood, that's page 45, but he admitted to Dr. Ganesh and there are other references in the record that show that he continues to smoke marijuana. 464 is one reference.

For activities of daily living, plaintiff makes and drinks coffee, listens to the radio, watches television, he sews, he plays the bass although not recently since his bass was stolen, he does not do chores. He can shower and dress, he does not take public transportation, he does socialize, he does some cooking, cleaning, laundry, and shopping, and

that's reported at 48, 49; Dr. Figueroa, 370; Dr. Noia, 365; Dr. Shapiro, 431, also 464.

Procedurally, the plaintiff applied for Supplemental Security Income or SSI benefits on September 16, 2014 alleging an onset date of March 10, 2008, and claiming he cannot work due to COPD, asthma, a bad back, and rod and screws in his left leg. That's at 215. It was noted in the administrative law judge's decision that plaintiff had prior unsuccessful applications for benefits.

A hearing was conducted by Administrative Law Judge Rosanne Dummer on September 9, 2016. ALJ Dummer issued a decision on December 20, 2016 finding that plaintiff was not disabled at the relevant times and therefore ineligible for the benefits sought. That became a final determination of the agency on November 21, 2017 when the Social Security Administration Appeals Council denied plaintiff's application for review.

In her decision, ALJ Dummer applied the familiar five-step sequential test for determining disability. She found at step one that plaintiff had not engaged in substantial gainful activity since September 16, 2011 -- I'm sorry, 2014, the date of the application.

At step two, she concluded that plaintiff suffered from -- suffers from severe impairments within the meaning of the regulations including status post 2008 vehicle/pedestrian

accident, open reduction internal fixation left leg, status post October 2014 left leg neurectomy of superficial peroneal nerve, asthma, COPD, and a learning disability.

At step three, the administrative law judge concluded that plaintiff's condition did not meet or medically equal any of the listed presumptively disabling conditions set forth in the Commissioner's regulations, considering Listings 1.02A, 1.03, 3.02A, 3.02B, 12.02, 12.04, and 12.09.

The administrative law judge then surveyed the record and concluded that plaintiff retains the residual functional capacity to perform a range of medium work with limitations both exertional and nonexertional that are set forth on page 23 of the administrative transcript.

At step four, applying that RFC, the administrative law judge concluded that plaintiff had no past relevant work of significance, and therefore proceeded to step five where the burden obviously shifts to the Commissioner.

At step five, the administrative law judge noted that if plaintiff could perform a full range of medium work, a finding of no disability would be directed by the Medical Vocational Guidelines set forth in the regulations, and specifically Rule 203.25. She, however, enlisted the testimony of a vocational expert and based on hypothetical approximating, closely approximating the residual functional

capacity, determined that plaintiff is capable of performing a wide range of work at both the medium, the light, and the sedentary level, and therefore was not disabled at the relevant times.

As you know, my task is limited, the standard I apply is extremely deferential. I must determine whether the finding of the Commissioner is supported by substantial evidence and resulted from application of correct legal principles. The standard of substantial evidence is again deferential and it requires me only to conclude that there is such evidence as reasonable minds would find support a conclusion.

The centerpiece of plaintiff's argument is surrounding Dr. El Bayadi's opinions as a treating source. Undeniably, the opinion of a treating physician regarding the nature and severity of an impairment is entitled to considerable deference if it is supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence. Opinions of a treating source, however, are not controlling if contrary to substantial evidence in the record including opinions of other medical experts.

Where the medical statement of a treating source is not given controlling weight, the regulations provide specific factors that must be considered by the

administrative law judge, and the administrative law judge must provide specific reasons for the rejection, reasons that would permit meaningful judicial review.

In this case, Dr. El Bayadi's opinions were discussed at length by Administrative Law Judge Dummer, and specifically the restrictions at Section 7 concerning exposure to irritants was adopted in the residual functional capacity finding of the administrative law judge; specifically that plaintiff must avoid even moderate exposure. What was not accepted were some of the very limiting requirements including the exertional requirements, page 2 of Dr. El Bayadi's medical source statement, and the opinions, page 3, regarding being off task and absent. Those were mentioned, as counsel for the Commissioner has noted, excuse me, at pages 28 and 29 of the administrative transcript, and there are reasons given why Dr. El Bayadi's more limiting opinions were not credited.

I find that there is a basis for meaningful judicial review. It was noted that -- excuse me a second -- plaintiff was only seen every six months by Dr. El Bayadi or his nurse practitioner, never underwent any emergency room treatment or hospitalization, admits that he smokes cigarettes and marijuana. There's an indication that he does very well and his symptoms are at baseline, including at 440, 446, 451 of the administrative transcript. It was noted that

Dr. Ganesh in her medical statement indicated no limitation regarding irritants at 465, although at 470 concluded that the plaintiff should never be around any irritants. That portion of Dr. Ganesh's opinion was properly rejected because clearly he smokes and therefore "never" is something that is not meaningful and is not consistent with Dr. El Bayadi. Dr. Figueroa did note that plaintiff should avoid smoking, dust, and any irritants that might aggravate asthma, that's at 371. Dr. Barquet was more restrictive, as the administrative law judge noted, and again, at page 535 said never be exposed to humidity, dust, odors, extreme heat, and cold. The ALJ again properly rejected that as inconsistent with the smoking and the medical record. It is for the administrative law judge to weigh conflicting opinions provided that there is a basis again for meaningful judicial review, particularly when a treating source statement is rejected.

As counsel for plaintiff conceded, there is no requirement that a particular medical source statement or consultative opinion be adopted wholesale, particularly if it's not well supported. So I don't -- I don't find, and plaintiff conceded during oral argument that there's no challenge to the mental components of the residual functional finding. And so the question really is whether a reasonable fact finder could conclude as the administrative law judge

did, or conversely, could no reasonable fact finder conclude that that way.

In this case, I find that the determination is well supported by the various treatment records and medical opinions of evidence.  At step five, the administrative law judge, properly in my view, elicited vocational expert testimony.  The hypothetical that was given to the vocational expert is supported and consistent with the residual functional capacity, and the opinions of the vocational expert satisfy the Commissioner's burden at step five.  I therefore conclude that correct legal principles were applied and the determination is supported by substantial evidence.

I will therefore grant judgment on the pleadings to the defendant in this case.  Thank you both for excellent presentations, both in writing and verbally.  I hope you have a good day.

MR. WICKLUND:  Thank you, your Honor.

MS. POLLACK:  Thank you, your Honor.

(Proceedings Adjourned, 11:23 a.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, JODI L. HIBBARD, RPR, CRR, CSR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 22nd day of March, 2019.

/S/ JODI L. HIBBARD

JODI L. HIBBARD, RPR, CRR, CSR
Official U.S. Court Reporter